RICHARDSON ET AL. *v.* E. V. DAVIS ET AL.

70 219
72 608
70 219
78 56

1. ASSIGNMENT. *Preferring debt to former partner.*

Where there is an actual dissolution of a mercantile firm, one of the partners buying the interest of the other, giving a note therefor, and he afterwards fails, and makes an assignment, preferring this debt, creditors cannot defeat the assignment on the ground that there was no notice of the withdrawal, and that, therefore, the retiring partner being personally liable to them, it would be a fraud on their rights to permit the assets thus to be devoted to the claim of the retiring partner.

2. SAME. *Debt for money loaned former partner.*

This is true also of a debt for money loaned by the retiring member to his former partner after the withdrawal, it being likewise preferred in the assignment.

3. SAME. *Dissolution inter sese. Right of former partner.*

That the retiring partner, by failing to give notice, may have become personally liable for the payment of the debts subsequently contracted in the business, does not make him in fact a partner, and in no way affects the validity of the claims due him or the right of the former partner to prefer them in an assignment of the previous firm assets.

4. CHANCERY PRACTICE. *Charges of fraud. Evidence confined to issue.*

Creditors attacked an assignment, averring that certain debts therein preferred were simulated, and were inserted for the purpose of defrauding them. They also alleged generally that the assignment was fraudulent and void. The allegations were denied. The chancellor at the hearing decreeing for defendants, declined to consider any evidence of fraud other than that relating to the genuineness of the preferred debts, although there was no objection to the introduction of testimony. *Held,* proper. *Railroad Co.* v. *Neighbours,* 51 Miss., 412.

FROM the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

In 1889 E. V. Davis and W. E. Whitten were engaged in mercantile business at Stone, Ala., under the firm name of E. V. Davis & Co., and complainants in this case, wholesale merchants, had dealings with the firm. Davis was the active manager of the business, but it was known to complainants that Whitten was a partner. In January, 1890, Davis purchased from Whitten his interest in the business, giving in payment therefor his note for $1,000. He afterwards borrowed from Whitten $500, for which he also gave his note.

Davis continued the business, and during the year 1890 contracted the debts sued for by complainants herein. About the first of October, 1890, the business was removed to Shuqualak, Miss., and was there conducted under the firm name of E. V. Davis & Bro. On the 9th day of February, 1891, the said E. V. Davis executed a general assignment of all his property, including the stock of merchandise, in which were

some of the goods purchased from complainants.    A. J. Davis joined in the execution of this assignment, reciting therein that the firm of E. V. Davis & Bro. was composed of E. V. Davis and himself, and that he was a mere nominal partner having no interest.

In this assignment the above mentioned debt of $500 in favor of W. E. Whitten, or rather W. E. Whitten & Co., was preferred, as was the debt of $1,000, which was then owned by E. C. Dancy.

On February 13, 1891, the bill in this case was filed for the purpose of vacating the assignment.    Complainants alleged that they were creditors of the firm of E. V. Davis & Co., composed of E. V. Davis and W. E. Whitten;  that the said E. V. Davis, pretending to own the stock of goods, and intending to hinder, delay and defraud complainants, executed said assignment; " that neither the firm of E. V. Davis & Bro. nor E. V. Davis & Co. nor E. V. Davis were indebted in any sum whatever to the said W. E. Whitten, or to the said E. C. Dancy, but that the said pretended indebtedness to both W. E. Whitten and to the said E. C. Dancy are fictitious, simulated and fraudulent, and were inserted in said assign-ment for the sole purpose of defrauding these complainants and other creditors of their just demands;  .  .  .  that said assignment was intended simply as a means to defraud these complainants and other creditors;".  that the said W. E. Whitten is insolvent; that the property assigned is of the value of only $1,500 or $2,000, and that the only means complainants have of collecting their debts is out of said property.

The above are all the allegations of fraud contained in the bill.

The defendants answered, denying all the material allegations of the bill upon which the right to relief was predicated. They specially denied the allegations of fraud, and averred that Whitten was not a partner of E. C. Davis; that there was a dissolution in January, 1890, and that the preferred debts were genuine, and were due from said E. V. Davis.

Evidence was taken at great length, and, on final hearing, a decree was entered in favor of defendants from which this appeal was taken.    The evidence showed that Davis assumed and paid off all the debts of the firm existing at the time of the dissolution.    There was some controversy as to whether the debts subsequently contracted, as to which complainants sought relief, were contracted in the name of E. V. Davis & Co., or in the name of Davis alone.    There was also controversy as to .whether complainants, before their debts were contracted, had notice of Whitten's withdrawal.    This question seems not to have been expressly passed upon by the court below.

There was no objection to testimony in the court below on the ground that the issue, as to fraud, was confined to the validity and genuineness of the preferred debts, and that testimony in support of other grounds of attack was irrelevant; but the chancellor, in his written opinion, made a part of the record, stated that he considered only the evidence in support of the allegations of fraud, touching the genuineness of said debts.    The opinion contains a further statement of the case.

*Rives & Rives*, for appellants.

1. Appellants were creditors of the firm of E. V. Davis & Co., composed of Davis and Whitten, and the assignment is void, because it is an attempt by one of the partners to prefer a debt pretended to be due the other.

Having failed to give notice of his alleged withdrawal, Whitten is liable to complainants.    As to them, he is a partner.    *McLemore* v. *Rankin Mfg. Co.*, 68 Miss., 196; *Polk* v. *Oliver*, 56 *Ib.*, 566; *Eckerly* v. *Alcorn*, 62 *Ib.*, 228.

As to complainants, Whitten, being a partner, he could not be preferred for any amount.    *Gadard* v. *Hopgood*, 60 Am. Dec., 272; *Vankleeck* v. *Hammell*, 24 Am. St. R., 182; Burrill on Assignments, 109, and authorities cited.

2. The chancellor should have considered all the evidence

of fraud. The bill contains a general allegation of fraud. Mere circumstances need not be averred. Waite on Fraud. Con., § 142; Story's Eq. Pl., § 28. The *intent* to defraud was the main fact, and that was charged. It was competent to support this by evidence of circumstances.

3. But the cause proceeded to a hearing on the general charge of fraud, and the evidence was *read without objection.* It was too late for objections as to relevancy to be considered when the final decree was entered. If objection had been made in time, complainants could have easily amended the bill. We therefore ask the court to consider all the evidence of fraud, and we submit that the decree should be reversed.

*A. C. Bogle,* for appellees.

1. The proof of dissolution is clear. Davis assumed and paid all the existing debts of the firm, and Whitten withdrew. Even if it be conceded that he is liable to complainants personally, on the ground that they had no notice of his withdrawal, that would not change the fact of dissolution, and make him a partner. One may be liable to creditors as though he were a partner, and, at the same time, have no interest in, or connection with, the business. Counsel for appellants fail to recognize the distinction applied by the chancellor. The authorities cited by them refer to cases where there is an actual partnership, and an effort to prefer the debt of a partner. They have no application to this case.

2. The only allegation of fraud was that the preferred debts were fictitious and simulated. This was denied, and clearly overturned. The testimony took a wider range, but all of it outside of the issue was incompetent. Courts can only decide issues made by the pleadings.

COOPER, J., delivered the opinion of the court.

The evidence abundantly establishes the fact that Whitten sold to his partner, Davis, his interest in the firm of Davis & Co., and accepted in payment therefor the note of Davis

for $1,000, which he afterwards transferred to Dancy. It also appears that Whitten afterwards loaned to Davis $500, taking his note therefor. These are the debts preferred in the assignment, and which are attacked as simulated and fraudulent by complainants.

We are unable to appreciate the process of reasoning by which it is sought to be proved that these debts, certainly and confessedly due from Davis to Whitten, became simulated and fraudulent, simply because Davis, by his assignment, attempted to provide for their payment.

It may be true that Whitten is liable to those who gave credit to the firm of which he had been a member, after his withdrawal from it, because he failed to give notice of its dissolution. But this would not operate to discharge the debts Davis owed Whitten, nor re-create the partnership between them.

The good faith of the sale by Whitten to Davis is not denied. That transaction is not assailed; but counsel insist that if Whitten was bound to complainants for the debts contracted by Davis after the dissolution of the firm, it is because, as to them, he is still to be treated as a partner, and that, if, as to complainants, Whitten is still a partner, the assignment has devoted partnership assets to the payment of a debt due one of the partners.

The fallacy of the argument is in assuming that the creditors of Davis and Whitten (if Whitten was liable) or Whitten, had some interest in the property of Davis, because of Whitten's liability. If mere liability to third persons as a partner created a partnership *inter sese*, the argument would be sound. But one is not a partner simply because he is bound to third persons as such.

The property assigned was that of Davis, and he owed the debts preferred to Whitten or his assignee, and the assignment was properly declared valid by the chancellor.

Other grounds of attack are argued, but, by the pleadings, the issue was confined to the question of the genuineness of

the debts to Whitten and Dancy, and the right of Davis to prefer them. The chancellor rightly declined to consider the evidence introduced to attack the assignment on other grounds. *Railroad Co.* v. *Neighbours*, 51 Miss., 412.

*Affirmed.*