## Hugh McInnis *v.* Wiscassett Mills et al. [*]

1. **Fraudulent Conveyances.** *Who a creditor.*    *Torts.*    Code 1892, § 4226.

    The plaintiff in an action of tort, who recovers a judgment therein,
    is a creditor of the defendant from the beginning of the suit,
    within the statute of frauds (code 1892, § 4226), and may, after he
    obtains judgment, vacate a conveyance made by the defendant
    with actual intent to baffle, delay, defeat or defraud him in the
    collection of his claim.

2. **Same.**    *How fraud pleaded.*

    Fraud cannot be rightfully charged in general terms.    The partic-
    ular facts relied upon as constituting the fraud must be pleaded.

From the chancery court, second district, of Perry county.
Hon. Nathan C. Hill, Chancellor.

The appellant, McInnis, was the complainant in the court be-
low, and the appellees, Wiscassett Mills and others, were de-
fendants there.    The court below denied the complainant all

---

[*]Judge Calhoon having been of counsel in this case. did not take part in its decision.
He recused himself, and C. H. Alexander, Esq., was appointed, and acted as special judge.

relief, dismissing his bill, and he appealed to the supreme court. The facts are stated in the opinion of the court. ·

*Green & Green*, for appellant.

The assets of a corporation are a trust fund for creditors, and they must be paid before the stockholders can dispose of the assets for their own benefit. 2 Thompson, secs. 1569, 1573, 1575, 1576; *Love Mfg. Co.* v. *Queen City Mfg. Co.*, 74 Miss., 301.

It was held in *Bank* v. *Durfey*, 72 Miss., 978, that in a partnership the firm property could not be converted into estates in severalty to prevent its being subjected to firm creditors, and that the partnership was a distinct entity, separate from the members composing the firm, and that its property must be used first to liquidate firm debts, and the surplus only is to be surrendered to the individual partners, and that the partners could not devote the firm property to pay individual debts, unless ample property remained to pay all firm debts, and to do so would be a fraud on the firm creditors.

A sale to a director of corporate property may be set aside at the option of the creditors of the corporation, and he be treated as trustee for the corporation. *Millsaps* v. *Chapman*, 76 Miss., 953. Here the entire assets of the corporation have been converted to the use and benefit of its stockholders, and its creditors left remediless against it.

An action for damages for a tort constitutes one a creditor. Bump Fraud. Con., 493, and cases cited.

*Miller & Baskin*, for appellees.

The appellant was not a creditor of the Wiscassett Mills at the time the conveyances complained of were made. True, he had sued the mills at law for a tort—the obstruction of a navigable stream to his damage—at the time, but he was not a creditor in any proper or legal sense until he obtained judgment in his suit.

The conveyances are not successfully assailed; the bill of complaint even fails to charge fraud in a legal way in the making of the deeds; the charges are only bald assertions of fraud in the most general of terms; the specific facts are not stated. The evidence preponderates in support of the integrity and good faith of the conveyances.

Alexander, Special J., delivered the opinion of the court.

By the agreement of March 27, 1894, the Meridian Sash & Blind Factory, the owner of practically all the stock of the Wiscassett Mills, obligated itself to transfer and deliver to certain persons, who afterwards became incorporated into the J. J. Newman Lumber Co., all of said stock. The delivery was to take place October 1, 1894, and the price therefor, to wit, $40,000, was to be then paid, partly in cash and partly in notes, the last of which was to be matured April 1, 1896. In the agreement, the sash and blind factory also undertook to procure a conveyance to the Newman company of all such lands of the Wiscassett Mills as might be accepted by the Newman company after being inspected. It was also stipulated that the capital stock should be transferred "freed from any incumbrance or debts of the Wiscassett Mills," and the sash and blind factory ageed to pay off and discharge, on October 1, 1894, all such debts "then due and owing."

Afterwards, on May 27, 1895, presumably to sanction and facilitate the execution in part of the said agreement, the Wiscassett Mills executed two deeds to the Meridian Sash & Blind Factory, one conveying its entire plant and its lands and timber rights in Jones and Perry counties, and all the indebtedness due to it, and the other its lands in Covington county, each reciting a paid consideration of $20,000.

On the same day the sash and blind factory conveyed a large quantity of the lands to the J. J. Newman Lumber Company, for a recited consideration of $10,182.65.

Several years prior to the date of the agreement, appellant,

H. McInnis, had instituted an action in the circuit court of Perry county against the Wiscassett Mills, to recover damages for the wrongful obstruction of a navigable stream, whereby he was injured. This suit ripened into judgment for $1,100, in November, 1895, a few months after the execution of the last of the above-mentioned deeds.

Execution on his judgment having been returned *nulla bona*, McInnis filed this bill in November, 1896, against the three corporations, seeking to cancel the agreement and the deeds as fraudulent. The bill contains only the most general averments of fraud, and its allegations as to the facts are painfully meager, giving the widest possible construction to the charges. They may be condensed into the single averment that the agreement was fraudulent, and that the deeds were shams without consideration, and executed to hinder, delay and defraud complainant. It is further alleged that F. W. Williams was a member of each of the corporations, and the exhibits show that he was secretary of the Wiscasset Mills and of the sash and blind factory. The insolvency of the Wiscasset Mills when the bill was filed, was alleged and admitted. The defendants jointly answered, denying every charge of the bill touching fraud, and there was no testimony introduced tending in the least degree to sustain the averments of the bill, unless it can be said that the face of the exhibits supply such evidene. The bill was dismissed and complainant appeals.

We reject as unsound the proposition advanced by appellees that complainant, whose claim rested on tort, could not come within the protection of the statute of frauds. In determining who is a creditor, the statute must be liberally construed, and it protects, at least as against actual fraud, one who, at the time of the conveyance, is suing the grantor in an action of tort. Bump on Fraud. Con., 493.

But, in the absence of any evidence, except such as may be gotten from the face of the exhibits, we must affirm the decree. No rule is better settled than that fraud cannot be inferred and

cannot be charged in general terms.   The particular facts that constitute fraud must be set out positively, if known to the complainant, or, if not, on information and belief.   *Railroad* v. *Neighbors*, 51 Miss., 412; *Watts* v. *Putton*, 66 Miss., 54; *Richardson* v. *Davis*, 70 Miss., 219.

The deeds and agreement contain internal evidence suggestive of the fact that the scheme of the sash and blind factory was to liquidate the Wiscassett Mills, turn over its capital stock to the Newman company, and take such of its assets as could not thus be sold and pay off its debts.   Whether it has done so is not averred or shown.   It is not even alleged or proved that the Wiscassett Mills owed any debts at the time of the conveyances.   The bill and evidence are silent as to whether the recited consideration in the deeds was paid, or, if paid, as to how disposed of.   It may be that the claim of appellant can be brought within the terms of the assumption by the sash and blind factory of the debts of the Wiscassett Mills (as to which we do not decide), but it is not even averred or shown that the condition upon which the assumption was based, viz., the actual transfer of the capital stock, ever took place.

Whatever impression this court may get from the record as to the right of appellant, an unsuccessful complainant below, to some relief on a bill properly framed and on a more complete disclosure of facts, we cannot reverse a decree. proper under the pleadings and evidence merely to afford opportunity to make a new and better case.   *Peeler* v. *Peeler*, 68 Miss., 141.

We affirm the decree, but without prejudice to the right of appellant to proceed, if he may be so advised, against the Meridian Sash & Blind Factory if, in execution of the agreement or otherwise, it has acquired or disposed of the assets of the Wiscassett Mills for its own benefit, or if, by the terms of its agreement, it has become legally or equitably liable to pay appellant's judgment.

*Affirmed.*