CORNELIUS J. JONES *v.* ELDER P. JONES ET AL.

CHANCERY COURT. *Jurisdiction. Torts. Resident defendant.*

The chancery court is without jurisdiction of a proceeding brought against resident defendants for the recovery of unliquidated damages arising out of a tórt and to set aside, as fraudulent, conveyances of property alleged to have been made by them to defeat complainant's claim. *Gordon* v. *Warfield,* 74 Miss., 562, distinguished.

FROM the chancery court of Washington county.

HON. A. MC. KIMBROUGH, Chancellor.

This proceeding was begun by the appellant, C. J. Jones, by bill in equity, to recover of the appellees, E. P. Jones and Jordan Wynn, $10,000 damages, because of an assault and battery committed by them upon him, and to set aside certain conveyances made by them to the other appellees as fraudulent, the same having been made, as complainant alleges, without consideration and for the express purpose of defeating his claim for damages. The complainant and all of the defendants were shown by the bill to be residents of Washington county, Mississippi. The defendants answered, denying the fraud alleged,

and demurred to the bill on the ground of the want of jurisdiction in the chancery court. The demurrer having been sustained and the bill dismissed, the complainant appealed.

*Jayne & Watson* and *J. M. Cashin*, for appellant.

Section 4226, code 1892, is a substantial enactment of the English Statutes 13th and 27th Elizabeth; but these statutes were only declarative of a common law rule on the subject of fraudulent conveyances. So, conveyances void at common law before the enactment of the statute, and whether affected by the statute or not, or in the absence of the statutory enactment, are still void at common law. Wait on Fraudulent Conveyances, § 16; *Cadogan* v. *Kent*, 2 Cowper, 432; *Sands* v. *Codwise*, 4 John. Chy., 536; *Clement* v. *Moore*, 73 U. S., 784; *Bernheim* v. *Beer*, 56 Miss., 151.

Section 502 of the code of 1892 was brought forward from §§ 1843, 1844, and 1845 of the code of 1880, and gives the chancery court jurisdiction to entertain bills exhibited by creditors who have not reduced their claims to judgment. The purpose of this and like statutes was declared to be, "To dispense with the useless delay and expense incident to obtaining a judgment which it is known in advance will prove fruitless." *Riggins* v. *Hilliard*, 56 Ark., 476; *Citizen's Mutual Ins. Co.* v. *Ligon*, 59 Miss., 316.

Jurisdiction having been given to the chancery court by § 503 of the code to take cognizance of suits of general creditors before judgment has been recovered, there is no good reason why appellant's suit should not be entertained. It is no valid objection to such a suit that the defendants would be deprived of the right of trial by jury. *McBride* v. *State Revenue Agent*, 70 Miss., 716; *Church* v. *Kelsey*, 121 U. S., 282. Besides this, the chancery court has jurisdiction to cause to be made up an issue of fact, and to direct a jury to be summoned to try the same. This was true at common law, and is true under our statutes. Code 1892, § 507.

The fact that the damages sought to be recovered by appellant are unliquidated, is no objection to the chancery court entertaining jurisdiction of this cause. *Gordon* v. *Warfield*, 74 Miss., 553.

In the case of *Gordon* v. *Warfield* the cause of action sounded in tort, and grew out of the flooding of Warfield's land by Gordon, and the damages sought to be recovered were unliquidated. The court correctly adjudicated that case. It declared that a chancery court, by virtue of its general equity powers, had jurisdiction of the cause, for the reason that the defendant was a nonresident of the state and her property in the state was liable for the wrongs done by her. Jurisdiction being entertained, the court would not be deterred from doing equity because it became necessary to pass on and assess unliquidated damages. The court cited *Dollman* v. *Moore*, 70 Miss., 267, as settling the question of its jurisdiction.

The construction of § 503 of the code raises the question as to who are creditors. The answer is: any and every person who constituted a creditor within the contemplation of the law at the time of the passage of this section. If a tort creditor was contemplated by this statute, then appellant is in court. It is reasonable to assume that the legislature, in shaping § 503, used the term, "creditors," in the full sense and import that it carried in the law at that time. When this section was enacted it had long been held that tort creditors were to have the benefit of the right granted by statutes 13 and 27, Elizabeth, and the American statutes based thereon, such as § 4226 of our code. Wait on Fraudulent Conveyances, sec. 42; Wait on Fraudulent Conveyances, sec. 123; Bump on Fraudulent Conveyances, 491.

In the cases cited by the texts quite a variety of torts had been committed and judgment recovered in favor of the injured parties. The court held that there was no difference between the rights accruing to them as tort creditors and the right accruing to contract creditors. In one case the judgment was

based on slander; in another, on libel; in another, on alimony; in another, for assault and battery. See the following cases: *McInnis* v. *Wiscassett Mills*, 78 Miss., 52; *Pennington* v. *Seal*, 49 Miss., 518; *Farnsworth* v. *Bell* and *Patrick* v. *Ford*, 5 Sneed (Tenn.), 531, 532; *Harris* v. *Harris*, 23 Grat. (Va.), 737.

*J. H. Wynn* and *Percy Bell*, for appellees.

This case presents an effort on the part of the complainant, pure and simple, to have the chancery court assume jurisdiction to render judgment for damages alleged to have been sustained from an assault and battery. Prior to the statutes, §§ 1843, 1844 and 1845 of the code 1880, and § 503 of the code of 1892, and chapter 64 of the acts of 1898, the chancery court had no jurisdiction whatever to entertain bills of this character until judgment had been rendered and execution returned *nulla bona.* These statutes changed this, but it was not contemplated by these statutes that one having a claim for damages could go into the chancery court and there litigate with his opponent as to whether or not he had suffered damages, and obtain judgment for damages, and set aside conveyances to satisfy such judgment without first having obtained judgment at law. While it has been frequently decided (though other courts have decided otherwise) that one having a claim for damages, after he had obtained judgment and had execution returned *nulla bona*, is such a creditor as can go into the chancery court to set aside conveyances, we find no case (and we doubt if one can be found in this state or elsewhere) holding him to be a creditor for the purpose of setting aside conveyances until he had reduced his claim for damages to judgment at law.

As above stated, the complainant's claim is not such a debt as is contemplated by the statute, upon which a bill could be filed to set aside a conveyance, until judgment rendered upon it at law. Complainant could not attach for it. It could not

be the subject of garnishment. *Dibrell* v. *Neely*, 61 Miss., 218. It could not be used as a set-off. It could not be probated against the estate of a decedent.` It could not be treated as an asset of a decedent's estate. It is not assignable (39 Miss., 484; 59 Miss., 28), and cannot be considered as a debt until reduced to judgment.

The statute fixes a lien in such cases on the property described in the bill from the time of the service of the summons. As is well known, parties suing for damages of this character always claim a great deal more, in fact, often five to ten times as much as they expect to recover. Bills are not required to be sworn to, and was it ever contemplated that a complainant could thus tie up property worth five or ten times as much as he expects to recover? If judgment could be rendered for actual damages for an assault and battery, punitive damages could also be recovered, and there is no limit to the tying up of property if such a bill is maintainable. The fact is that in this case complainant claims damages to the amount of $10,000 for an assault and battery, which is necessarily, in great part, for punitive damages.

In *Railroad Co.* v. *LeBlanc*, 74 Miss., 650, the supreme court held that the chancery court, under the constitution, could not try an action of ejectment, although it was contended in that case that under section 160 of the constitution that the provision for auxiliary relief will confer upon the chancery court the jurisdiction to try an ejectment suit. We contend that there is no more authority in the chancery court to hear an action for assault and battery than an action for ejectment.

WHITFIELD, C. J., delivered the opinion of the court.

The case of *Gordon* v. *Warfield*, 74 Miss., 553 (21 So. Rep., 151), rests on the ground that the defendant therein was a nonresident, and no remedy existed by reason of such nonresidence otherwise than as prayed in the bill therein. These parties are all residents of Washington county. It was never

within the contemplation of the statutes invoked by appellant to authorize chancery courts to take cognizance of a suit for unliquidated damages arising out of a tort, before there has been any judgment at law ascertaining the damages, the defendant being within the jurisdiction of the court.

*Affirmed.*