GRENADA GROCERY CO. *v.* TATUM ET AL.

[74 South. 286, Division B.]

1. LANDLORD AND TENANT. *Action for rent. Equitable jurisdiction.*
   The chancery court has no jurisdiction of an action to collect rent and should dismiss such an action of its own motion.

2. APPEAL AND ERROR. *Determination of cases. Entry of judgment.*
   In an action though erroneously brought and tried in the chancery court, under Constitution 1890, section 147, prohibiting reversals because the action was brought in the wrong court, the supreme court on appeal having the statutory power to enter the proper judgment when manifest from the record, will enter judgment where there is no material conflict in the evidence.

3. LANDLORD AND TENANT. *Lessee's liability for rent. Transfer of lease.*

   A lessee is liable for accrued rent, although he attempted to transfer the lease without the lessor's consent.

APPEAL from the chancery court of Grenada county.

HON. J. G. McGOWAN, Chancellor.

Suit by the Grenada Grocery Company against S. T. Tatum and another, from a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Cowles Horton,* for appellant.

*S. A. Morrison,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The Grenada Grocery Company, a corporation, filed suit in the chancery court of Grenada county against S. T. Tatum and M. E. Powell for the sum of one hundred dollars and interest, claiming under a contract made between the Grenada Grocery Company and S. T. Tatum, which is in the following words:

"This agreement, entered into this the 14th day of September, 1908, by and between the Grenada Grocery Company, of the first part, and S. T. Tatum, of the second part, all of the town of Grenada, Grenada county, and state of Mississippi, witnesseth that, for and in consideration of the said Grenada Grocery Company relinquishing claims as vested in lease by the Illinois Central Railroad Company to twenty-four feet of ground in the rear of their warehouse and allowing the said. S. T. Tatum to erect a brick ice house adjoining the Grenada Grocery Company's warehouse, the said S. T. Tatum agrees to pay the said Grenada Grocery Company the sum of · twenty-five dollars a year, and further agrees, should the said Grenada Grocery Company desire to erect for their own use and occupancy a warehouse on said twenty-

four fee on the south end of the lot now occupied by them after the first year from February 1, 1909, then said S. T. Tatum agrees to relinquish his claim to said twenty-four freet in rear of Grenada Grocery Company's warehouse as vested in his lease by Illinois Central Railroad Company to him. The said Grenada Grocery Company agrees to purchase from S. T. Tatum the improvements he makes on said twenty-four feet at actual cost of construction, less damage or deterioration, should they require him under conditions above stipulated to vacate said twenty-four feet.

"[Signed] Grenada Grocery Company,<br>
"S. T. Tatum."

It appears that after Tatum made the above contract, and after he had erected the icehouse on the lands described in the contract, he assigned his business or transferred his claim in the house to Powell; but nothing was said, so far as the record shows, binding Powell to perform this agreement, nor was the consent of the Grenada Grocery Company procured to the contract between Tatum and Powell. Evidence was taken on the part of the complainant to show that it was agreed that Tatum was desirous of erecting an icehouse near the switch tracks of the railroad company, and could not procure any other lot in the city, and that he approached the Grenada Grocery Company to secure the lot in question, which the company had leased from the railroad company. The minutes of the corporation show an order made at a directors' meeting, authorizing the execution of the contract for the yearly sum of twenty-five dollars. The contract was drawn up and signed by both parties; Tatum having a copy, but afterwards lost or mislaid it. The complainant put Tatum on the stand as a witness, after having fully proved its case by its own witnesses, and interrogated him about the matter. In this testimony he claims that the contract was that he was to pay only twenty-five dollars for the rights given under the contract. His answer does not set forth a mistake in the

execution of the contract, but simply denies the contract declared on; but he admits signing the contract and having a copy of it given to him at the time. This was the substance of the evidence in the case, and on this evidence the chancellor found for the defendant.

It is inconceivable to the writer upon what theory the bill in this case was filed in the chancery court. There is not a single allegation in the bill that makes it a proper suit for the chancery court, and no facts are set forth that warrant the court in entertaining jurisdiction, and the court should have dismissed the bill on its own motion; the jurisdiction not being questioned by the defendant in any pleading.

However, we are prevented by ection 147 of the state Constitution from reversing a case solely because it was brought in the wrong court; and under the statutes of the state it is the duty of the supreme court, where the court below has reached the wrong conclusion or entered the wrong judgment, to enter a proper judgment here if it be manifest from the record. In other words, if there is no material conflict in the evidence, and one party clearly has the right under the evidence to a judgment, this court should enter judgment here and not remand the cause.

On this record it is manifest that Tatum is liable to the complainant for the twenty-five dollars per year for the period sued for and until such time as he shall surrender to the Grenada Grocery Company his leasehold rights or remove his building from said lot. Therefore the judgment of the court below is reversed, and judgment will be entered here for one hundred dollars, with six per cent. interest from date of filing suit, and for all costs.

*Reversed, and judgment here.*

COOK, P. J., recused himself, and took no part in this decision.