RANKIN *et al. v.* FORD.

(Division B. May 12, 1931.)

[134 So. 178. No. 29444.]

Ford & McGehee, of Columbia, for appellants.

**T. B. Davis** and **Hall & Hall,** all of Columbia, for appellee.

Argued orally by **Harvey McGehee** for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellee filed his bill in the chancery court of Marion county, and alleged that on August 19, 1920, appellant Mary Calvin Rankin was the owner of the merchantable timber on certain lands described in the bill; that on the date aforesaid for a valuable consideration then paid by appellee to said appellant Mary Calvin Rankin, she contracted in writing, signed and acknowledged by her, to convey said merchantable timber to appellee at any time within thirty days from said date upon tender by him of payment therefor in cash at the rate of three dollars per thousand feet as per an estimate thereof to be made by a competent estimator. That such an estimate was made, and it having been found that there was one hundred thousand feet of said timber, appellee within said thirty days tendered to said appellant the sum of three hundred dollars in cash and demanded a deed, which appellant thereupon refused. That not only did said appellant, Mary Calvin Rankin, refuse to execute said deed and deliver the said timber, but that she, within a few days after the execution of the contract aforesaid, in wrongful confederation with three others, residents of the county and of an adjoining county, had conspired to cheat and defraud appellee of his said timber

contract and of his rights thereunder, by which wrongful scheme, and in pursuance thereof, appellant had pretended to convey said property to the said other defendants, who thereupon had taken possession of said timber, and had cut down and carried away the choice portion thereof, thereby leaving the remainder of said timber in such condition as to be of no value to appellee so far as any profitable use or resale thereof was concerned. That except for the said wrongs and trespasses by said defendants, appellee could have used or resold said timber at a profit to himself of six hundred dollars, for which profits he demanded decree or judgment by way of damages against all four of said conspirators and trespassers, and that a lien be impressed on said timber to pay said damages and for a decree over for any balance due after the sale of said timber under the decree.

The court took jurisdiction of said action, and on a hearing on the merits entered a decree by which it was held and adjudged "that the complainant has been damaged in the sum of three hundred fifty dollars and is entitled to recover this amount of and from the defendants, and is further entitled to a lien upon the timber in question to satisfy said damage." The decree thereupon proceeded further to appoint the clerk as a special commissioner to make sale of said timber and to report the sale. The sale was made and the clerk reported that the timber had brought at the sale the sum of fifty-seven dollars, appellee being the purchaser, which amount was approximately the aggregate of the costs of the case to that date. Exceptions were filed to the report of the commissioner, which on being heard were overruled by the court, and the purchase price at the sale having been absorbed by costs, a decree over for the original sum of three hundred fifty dollars damages was entered against all of the defendants, and three of them have appealed.

It will be observed from the statement of facts that the suit was one essentially for damages for a tortious in-

terference with, and deprivation of, complainant's rights under said contract and for a personal decree for the damages thereby caused; but the pleader seemed to have the idea that although the bill was one for damages in tort, nevertheless because filed in chancery, that court could, for the enforcement of the award of damages, impress a lien on the property out of which the damages arose; and when that portion of the decree which attempts to affix a lien and to order the timber sold is challenged here, appellee by his brief plants himself squarely upon the proposition that the bill was brought under section 407, Code 1930, section 553, Code 1906, which is the section which gives a creditor the right to attack fraudulent conveyances and to have a lien on the fraudulently conveyed property. In taking this position appellee stands directly in the path of Jones v. Jones, 79 Miss. 261, 265, 30 So. 651, wherein it was held that it was never within the contemplation of the said statute "to authorize chancery courts to take cognizance of a suit for unliquidated damages arising out of a tort before there has been any judgment at law ascertaining the damages, the defendant being within the jurisdiction of the court."

Under the cited section, the chancery court had no jurisdiction whatever of this case; there is nothing here but an action at law, and the decrees would have to be reversed and the case dismissed, for entire want of jurisdiction, except for section 147, Constitution 1890. Thus the question is presented as to what is the effect of the fact that the chancery court took jurisdiction of this action at law. In taking jurisdiction of a common-law action, the chancery court is empowered to do all in the matter of relief that the circuit court could have done had the action been filed therein or had been transferred thereto —as should have been done here. But when the chancery court, assuming said law jurisdiction and having done all that the circuit court could have done—namely, has determined the issue of the damages sought, given a per-

sonal decree, and ordered execution to issue—can the said chancery court, having done all this, then go forward further and do what a law court could not do with such a case, namely, may it go further and affix a lien, when no such lien could have been impressed in a court of law? We answer that question in the negative.

It is true that when a chancery court takes jurisdiction of what is in reality an action at law, the said chancery court acts under and follows the ordinary and usual procedure appertaining to the chancery court; but this goes no further than the matter of procedure and does not enable said chancery court to enlarge upon any of the substantive rights which would have been available to the successful party had the law case been tried at law, as this case should have been. The fixation of a lien upon property is a matter of substance, although interconnected with the remedy; wherefore, the chancery court while, on the one hand, taking to itself the functions of a law court and having done all the law court could do, cannot then, on the other hand, convert itself, in respect to further or substantive matters, into a true chancery court and extend further relief, which of its own independent jurisdiction it had no power to give. And that is the case here, for of this case the chancery court had none at all of any independent jurisdiction. All the jurisdiction that the chancery court had here was that which passed to it from that of the circuit court through the door of section 147, Constitution 1890, and it had thus no jurisdiction in any matter of substance or of any substantive relief beyond that so derived. It would be remarkable if a prosecuting litigant could profit through wrong recourse to a wrong court and thereby emerge with greater substantial rights than if he had proceeded rightly in the right court. In our opinion the accomplishment of such an ultimate result is not within the purpose of section 147, Constitution, and it cannot be used to that end.

It follows therefore that all that part of the principal decree which attempts to fix a lien upon the timber and to order a sale thereof is void—is mere surplusage without force or effect—as are the further decrees on that subject. That part of the decree, however, which adjudges the damages and awards execution, not being shown to be erroneous, must be allowed to stand; and under the authority of Grenada Gro. Co. v. Tatum, 113 Miss. 388, 74 So. 286, the decrees will be reversed, and a decree entered here for that which would have been proper as a law judgment, but vacating all those features of the decrees which go beyond that and have to do with the lien mentioned, with costs against appellee as to all the proceedings subsequent to December 17, 1929, including this appeal.

Reversed and decree here.